IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRY D. DIXON, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14–cv–0703–MJR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|       Defendant. | ) |

# MEMORANDUM & ORDER

**REAGAN, District Judge:**

In December 2013, via counsel, Plaintiff Terry Dixon (who was convicted of conspiracy in 1987 and completed his sentence long ago) filed a "Petition to Vacate or Expunge Conviction."[1] The Government filed a Response in Opposition in May 2014. The undersigned construed the Response, which contained a comprehensive argument aimed at Dixon's instant case, as a Motion to Dismiss, and ordered Dixon to respond on or before July 21, 2014. Though Dixon's counsel was notified via the Court's Electronic Case Filing system, no response to the Government's motion to dismiss has ever been filed.

By local rule, failure to file a timely response may be considered an admission of the merits of a motion. **SDIL-LR 7.1(c).** The Court exercises its discretion and, considering Dixon's failure to respond an admission that his case has no merit, **GRANTS (Doc. 5)** the Government's Motion to Dismiss. Even assuming *arguendo*

---

[1] The case was filed as a Miscellaneous Action, then reassigned Civil Case No. 14-0703.

1

Dixon had filed a full-throated response, the Court cannot envision a situation where Mr. Dixon—who was convicted on conspiracy and stolen property charges relating to a car theft scheme—can earn the "extraordinary remedy" of expungement. *U.S. v. Flowers*, 389 F.3d 737, 739 (7th Cir. 2004). In *Flowers*, the Seventh Circuit reiterated that, to outweigh the interest in maintaining accurate and undoctored records, a movant must show uniquely significant (or "truly extraordinary") unwarranted adverse consequences. *Id.* The panel juxtaposed convictions stemming from government harassment during a 1963 Selma, Alabama voter registration drive—a truly extraordinary situation—with crimes that concern no more than a routine, valid criminal conviction with the "usual attendant consequences." *Id.* at 739–40. This case falls in the latter category. *See also id.* ("[I]f employment problems resulting from a criminal record were sufficient to outweigh the government's interest in maintaining criminal records, expunction would no longer be the narrow, extraordinary exception, but a generally available remedy.") (internal citation and quotation omitted).

The Court is encouraged by the Complaint's narrative[2] that Mr. Dixon has not re-offended for over a quarter of a century, has raised two accomplished daughters, and acts as sole caregiver for a mentally-challenged relative. But the Government's Motion to Dismiss (**Doc. 5**) is **GRANTED**, and the Clerk is **DIRECTED** to **CLOSE** this case.

IT IS SO ORDERED.
DATE: <u>August 18, 2014</u>               *s/ Michael J. Reagan*
                                            MICHAEL J. REAGAN
                                            United States District Judge

---

[2] The Court is not, of course, coming down one way or another on whether the contents of the Complaint are true.